09-5305-ag
Gao v. Holder

BIA
Nelson, IJ
A097 917 558

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2ⁿᵈ day of February, two thousand eleven.

PRESENT:
            GUIDO CALABRESI,
            REENA RAGGI,
            GERARD E. LYNCH,
                *Circuit Judges.*

_____

ZHO KUI GAO,
            *Petitioner,*

            v.                                          09-5305-ag
                                                        NAC
ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
            *Respondent.*

_____

FOR PETITIONER:        David X. Feng, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Terri J. Scadron, Assistant
                       Director; Surell Brady, Trial
                       Attorney, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Zho Kui Gao, a native and citizen of the People's Republic of China, seeks review of a November 30, 2009, order of the BIA affirming the June 23, 2008, decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied Gao's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zho Kui Gao,* No. A097 917 558 (B.I.A. Nov. 30, 2009), *aff'g* No. A097 917 558 (Immig. Ct. N.Y.C. June 23, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-67 (2d Cir. 2008) (per curiam). For asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a

2

credibility finding on an asylum applicant's demeanor, the plausibility of his account, or inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

Contrary to Gao's position, substantial evidence supports the agency's adverse credibility determination. The agency reasonably relied on Gao's inconsistencies and omissions in arriving at its decision. *See Xiu Xia Lin*, 534 F.3d at 166, 167. As the IJ noted, Gao testified that he had been a Christian since he was a child, but in his asylum application, asserted that he became a Christian after arriving in the United States. Gao also testified that it was important to him to attend church, yet evidence indicated that, despite having lived in the United States for over 11 years, Gao started attending church only two months before the merits hearing. In addition to these consistencies regarding the basis of his claim, Gao testified that he was permanently dismissed from school in China in 1996, but stated in his asylum application that the last time he attended school was in 1994. Finally, Gao testified that he was arrested by the Chinese authorities and detained overnight in 1995 and that he had gone into

3

hiding in China at the suggestion of his parents, but omitted both of these incidents from his asylum application. Given these inconsistencies and omissions, the agency's adverse credibility finding is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 166, 167 ("We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."). Finally, the agency did not err in finding that Gao does not have a well-founded fear of persecution if he is returned to China. Gao's claim of a well-founded fear of future persecution is based on his alleged Christian practices while in the United States. But, because he was found not credible regarding those practices, his claim must fail.

Gao also argues that the agency erred in affirming the IJ's decision not to admit late-submitted evidence. This argument is unavailing. The IJ acted within her discretion in excluding the items. *See Dedji v. Mukasey*, 525 F.3d 187, 192 (2d Cir. 2008) (holding that IJs have discretion to establish and enforce filing deadlines for submission of documents).

Because Gao's asylum and withholding of removal claims were based on the same factual predicate, the agency's adverse credibility determination was a proper basis for the denial of both his asylum and withholding claims.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).  We decline to reach Gao's CAT claim, as it was not sufficiently argued in his brief.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk